**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2324
_____

ABILIO SORTO BONILLA,
                                        Petitioner

v.

JEFFERSON B. SESSIONS III
ATTORNEY GENERAL OF THE UNITED STATES


_____

On Petition for Review of Orders From
The Department of Homeland Security and
The Executive Office for Immigration Review
Agency No. A200-771-350
_____

Before: JORDAN, SHWARTZ, and KRAUSE, <u>Circuit
Judges</u>.

(Filed: March 15, 2018)


Christopher M. Casazza, Esq.
The Law Office of David E. Piver
150 Strafford Ave., Suite 115

Wayne, PA 19087

*Counsel for Petitioner*

Kristen A. Giuffreda Chapman
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
450 5th Street, N.W.
Room 10016
Washington, DC 20001

Nancy Canter
John D. Williams
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
PO Box 878, Ben Franklin Station
Washington, DC 20044

*Counsel for Respondent*

_____

OPINION OF THE COURT
_____

SHWARTZ, <u>Circuit Judge</u>.

Abilio Sorto Bonilla petitions for review of the Immigration Judge's ("IJ") determination, in a reasonable fear proceeding, that he was not entitled to relief from his reinstated removal order. Sorto Bonilla argues that his due process rights

were violated because the IJ conducted the proceeding without his counsel.  For the reasons that follow, we will deny the petition.

I

Sorto Bonilla, a native and citizen of El Salvador, first attempted to enter the United States illegally in 2010.  The Department of Homeland Security ("DHS") deemed him inadmissible and he was removed to El Salvador.  He returned to the United States shortly thereafter without inspection or permission.  In May 2017, Sorto Bonilla was arrested and found to be the subject of a removal order.  He expressed a fear of persecution or torture if returned to El Salvador and was referred to a United States Customs and Immigration Services ("USCIS") asylum officer for an interview to determine whether his fears were reasonable.  See 8 C.F.R. § 208.31(a)-(b).

Sorto Bonilla met with an asylum officer on four occasions.  The first three meetings ended before the reasonable fear interview began because Sorto Bonilla stated he wanted his attorney present.  At the fourth meeting, with his attorney present via telephone, Sorto Bonilla sat for a full reasonable fear interview.[1]  Sorto Bonilla told the asylum officer that he was afraid to return to El Salvador because he had been extorted by a gang there, and gang members attempted to recruit him because they thought he had received money from his family in the United States.  Sorto Bonilla said the gang members never physically harmed or threatened him

---

[1] Sorto Bonilla's appellate counsel did not represent him before the DHS or IJ.

3

and he did not report these incidents to the police, but he was afraid of being robbed or harmed by gang members on account of his "political beliefs"—as an individual returning from the United States—and because he has light skin color. A.R. 47. At the end of the interview, the asylum officer summarized Sorto Bonilla's claim, which he and his attorney confirmed, and Sorto Bonilla's attorney reiterated only that the gang targeted him for money because he came from and has family ties in the United States, and "because of his color." A.R. 50.

The asylum officer issued a negative reasonable fear determination. See 8 C.F.R. § 208.31(f). The officer concluded Sorto Bonilla had testified credibly, but the harm he experienced failed to rise to the level of severe physical injury or mental pain, and he thus failed to demonstrate a reasonable possibility that he would be persecuted or tortured in El Salvador. Sorto Bonilla requested review by an IJ, see 8 C.F.R § 208.31(f)-(g), and a hearing was set for June 1, 2017. The notice setting the hearing informed Sorto Bonilla that the "Immigration Judge may allow you to be represented in this proceeding, at no expense to the Government, by an attorney," and that "[i]f you wish to be so represented, your attorney or representative should appear with you at this hearing." A.R. 34.[2]

On June 1, Sorto Bonilla appeared before the IJ. The IJ began the proceedings by stating that Sorto Bonilla was "present, and he does not have legal consultation today." A.R. 22. Sorto Bonilla did not request that the IJ postpone the

---

[2] Sorto Bonilla's counsel confirmed that a hearing was set for June 1, 2017, but despite the plain language of the notice that counsel should appear, he assumed it would be held telephonically.

4

hearing or contact his attorney. In an affidavit submitted four days after the hearing, Sorto Bonilla declared that he did not request that his attorney be present because he believed his attorney was listening on the phone and his counsel submitted a letter notifying the IJ of counsel's error in not appearing at the hearing.

The IJ reviewed Sorto Bonilla's reasonable fear interview, and Sorto Bonilla reiterated (1) he "felt fear" but was not physically threatened or harmed by gang members who attempted to recruit him or asked him for money, A.R. 25; (2) he did not report the incidents to the El Salvadorian police; and (3) he was afraid to return to El Salvador because he believed the gangs would assume he has money since he would be returning from the United States. He added that "I have [a] fear of returning, because I don't feel safe in El Salvador." A.R. 27.

Based on the record and Sorto Bonilla's statements, the IJ concluded that although Sorto Bonilla had a subjective fear of returning to El Salvador, resistance to gangs and a generalized fear of crime were not grounds for protection because they were not tied to a protected ground. As a result, the IJ concurred with the asylum officer's negative reasonable fear determination and returned Sorto Bonilla's case to DHS for his removal to El Salvador.

Sorto Bonilla petitions for review.[3]

---

[3] The day after the reasonable fear proceeding, Sorto Bonilla retained new counsel, who moved to reopen and reconsider the negative reasonable fear finding. The motion was denied on the ground that the IJ's determination could not

II[4]

A

The Immigration and Nationality Act ("INA") and implementing regulations provide for the streamlined removal of an alien who was previously subject to a removal order but illegally returned to the United States. Pursuant to 8 U.S.C. § 1231(a)(5), "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed . . . under an order of removal, the prior order of removal is reinstated from its original date." The prior removal order "is

---

be appealed, 8 C.F.R. § 208.31(g)(1). Sorto Bonilla does not challenge that ruling.

[4] DHS had the authority to reinstate Sorto Bonilla's prior removal order under 8 U.S.C. § 1231(a)(5) and the exclusive jurisdiction to make the negative reasonable fear determination under 8 C.F.R. § 208.31(a). The IJ, as part of the Executive Office for Immigration Review, has exclusive jurisdiction to review a negative reasonable fear determination under 8 C.F.R. §§ 208.31(a),(f),(g). If the IJ concurs with the asylum officer's decision that the applicant did not establish a reasonable fear of persecution or torture, then "the case shall be returned to [USCIS] for removal of the alien. No appeal shall lie from the [IJ]'s decision." 8 C.F.R. § 208.31(g)(1). The IJ's decision thus constitutes a final order of removal over which we have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We review Sorto Bonilla's constitutional due process claim de novo under 8 U.S.C. § 1252(a)(2)(D). See Leslie v. Att'y Gen., 611 F.3d 171, 175 (3d Cir. 2010).

not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief . . . , and the alien shall be removed under the prior order at any time after the reentry." Id. There is an exception to this bar. An alien may seek withholding of removal if he has a reasonable fear of persecution. Fernandez-Vargas v. Gonzales, 548 U.S. 30, 35 n.4 (2006) (citing 8 U.S.C. 1231(b)(3)(A)). Thus, a returning removed alien "has no right to a hearing before an immigration judge" unless the alien "expresses a fear of returning to the country designated in that order," in which case the alien is "immediately referred to an asylum officer for an interview to determine whether the alien has a reasonable fear of persecution or torture." 8 C.F.R. § 241.8(a),(e). The purpose of the "reasonable fear . . . screening process [is to] ensure proper consideration of applications for withholding [of removal] . . . in cases subject to reinstatement of a previous removal order." Regulations Concerning the Convention Against Torture, 64 Fed. Reg. 8478, 8485 (Feb. 19, 1999).

When an alien is referred to an asylum officer for a reasonable fear determination, the officer "conduct[s] the interview in a non-adversarial manner, separate and apart from the general public," where the alien "may be represented by counsel . . . and may present evidence . . . relevant to the possibility of persecution or torture." 8 C.F.R. § 208.31(c). At the end of the interview, the asylum officer reviews with the alien a "summary of the material facts" and provides the alien with "an opportunity to correct any errors therein." Id.

If the asylum officer concludes that the alien has met the reasonable fear standard,[5] the officer must refer the case to an

---

[5] Under this standard, the alien must demonstrate a "reasonable possibility that he or she would be persecuted on

IJ "for full consideration" of the alien's eligibility for withholding of removal, which is conducted with all procedural requirements attendant to removal proceedings, see id. § 208.16, including appeals to the Board of Immigration Appeals. Id. § 208.31(e). If, on the other hand, an officer concludes that the alien does not have a reasonable fear of persecution or torture, then the alien may request that an IJ review the officer's "negative determination." Id. § 208.31(f)-(g). If a request for IJ review is made, then the IJ is provided with the "record of determination, . . . the asylum officer's notes, the summary of the material facts, and other materials upon which the determination was based." Id. § 208.31(g). If the IJ "concurs with the asylum officer's determination that the alien does not have a reasonable fear of persecution or torture," the alien is removed. Id. § 208.31(g)(1).

B

Sorto Bonilla argues his due process rights were violated because the IJ reviewed the asylum officer's negative reasonable fear determination without his counsel present and failed to inquire about whether Sorto Bonilla wanted his counsel to be present for the IJ's review proceedings, and he was prejudiced by his counsel's absence. We disagree.[6]

---

account of his or her race, religion, nationality, membership in a particular social group or political opinion, or a reasonable possibility that he or she would be tortured in the country of removal." 8 C.F.R. § 208.31(c).

[6] Because Sorto Bonilla alleges only that his due process rights were violated, we need not address the standard for reviewing the IJ's negative reasonable fear determination.

The Fifth Amendment guarantees aliens due process in all phases of deportation proceedings. Serrano-Alberto v. Att'y Gen. U.S., 859 F.3d 208, 213 (3d Cir. 2017). In formal removal proceedings, the Fifth Amendment and the immigration laws provide aliens with the right to counsel. 8 U.S.C. § 1229a(b)(4); Leslie v. Att'y Gen. of U.S., 611 F.3d 171, 180-81 (3d Cir. 2010). In such proceedings, IJs are required to "[a]dvise the [alien] of his or her right to representation, at no expense to the government, by counsel of his or her own choice . . . and require the [alien] to state then and there whether he or she desires representation," "[a]dvise the [alien] of the availability of pro bono legal services for the immigration court location at which the hearing will take place, and ascertain that the [alien] has received a list of such pro bono legal services providers." 8 C.F.R. § 1240.10(a)(1)-(2). An IJ's failure to comply with that regulation entitles the alien to a new removal hearing without a showing of prejudice because the regulation protects a fundamental constitutional right. Leslie, 611 F.3d at 180. The right to counsel in removal proceedings is respected because of the complexity of "the adjudicatory process" in the immigration context, and because of "the grave consequences of removal." Id. at 181.

Sorto Bonilla, however, is not in removal proceedings. Rather, he is in reasonable fear screening proceedings. 8 C.F.R. § 208.31(a). The purpose of the screening process is simply to determine whether an alien is entitled to a "full consideration of the request for withholding of removal," id. § 208.31(e), which, if he is, means that his request would be "adjudicated by the immigration judge in accordance of the provisions of § 208.16 [for the withholding of removal]," id.; see also id. § 1240.10(a). Although the regulations state that an alien "may be represented by counsel" at the screening

9

process' first step—the interview with the asylum officer, id. § 208.31(c)—the regulations are silent as to whether an alien may have counsel present at the second step of the screening process before the IJ, id. § 208.31(g).[7] Thus, Sorto Bonilla has not shown that the regulations explicitly invested him with a right to counsel at the IJ's review hearing, and we need not reach the question here whether he otherwise has such a right, both because Sorto Bonilla "was not denied the opportunity to obtain the counsel of his choice[;] [h]is attorney simply failed to come through for him," Ponce-Leiva v. Ashcroft, 331 F.3d 369, 376 (3d Cir. 2003), and because he concedes he was required to show prejudice and we conclude he has failed to do so.

That is, first, even though the regulations are silent, Sorto Bonilla was notified that the IJ may allow him to be represented at the proceeding and instructed that his counsel should be present if he wished to be represented. In addition, at the beginning of the proceeding, the IJ noted that Sorto Bonilla did not have counsel present, further reflecting that the IJ was cognizant of the value of legal counsel and did not deprive him of it.

---

[7] Notably, the asylum officer conducts the interview in a "non-adversarial manner" and the alien's counsel may present a statement "at the end of the interview," and the asylum officer "in his or her discretion, may place reasonable limits on . . . the length of the statement." 8 C.F.R. § 208.31(c). Thus, to the extent this provision grants a right to counsel, it is far more limited than that provided to aliens in removal proceedings. See 8 C.F.R. § 1240.10(a).

Moreover, Sorto Bonilla has not shown that he suffered prejudice by the absence of his counsel. Sorto Bonilla's counsel was present for the interview with the asylum officer and confirmed that the facts Sorto Bonilla presented were accurate. Sorto Bonilla argues that, had his counsel been present for the IJ review, he would have explained that Sorto Bonilla belongs to a particular social group, namely "repatriated El Salvadorians." Petitioner Brief 27-28. No counsel, however, could change the fact that Sorto Bonilla had not faced past persecution, and he has provided no facts or case law showing the El Salvadoran society would recognize repatriated El Salvadorians as a particular social group. This is likely because the caselaw on this subject is decidedly against him. See Khan v. Att'y Gen., 691 F.3d 488, 498 (3d Cir. 2012) (rejecting as "too amorphous" a proposed social group of "secularized and westernized Pakistanis perceived to be affiliated with the United States"). Thus, Sorto Bonilla has not shown his counsel's presence would have changed the outcome of his reasonable fear review proceedings. Therefore, Sorto Bonilla did not suffer prejudice.

III

For the foregoing reasons, we will deny the petition.