NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 18-1697

SERGIO ALEJANDRO DE LEON,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

Respondent

On Petition for Review of Final Orders
from the Department of Homeland Security
and the Executive Office for Immigration Review
Immigration Judge:  Honorable Daniel A. Morris
(No. A073-537-059)

Submitted Under Third Circuit LAR 34.1(a)
March 7, 2019

Before: AMBRO, RESTREPO, and GREENBERG, <u>Circuit Judges</u>

(Opinion filed:  March 27, 2019)

OPINION[*]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

AMBRO, Circuit Judge

Sergio De Leon entered the United States without inspection in the early 1990s. He was apprehended in 2005 and removed to his native Guatemala. Several weeks later, he made the trek back to the United States and crossed the border into Arizona. In 2014, immigration authorities caught him once again and reinstated his first removal order.

Because he was subject to a reinstated order of removal, De Leon's first task was to demonstrate a "reasonable fear" of returning to Guatemala. *See Bonilla v. Sessions*, 891 F.3d 87, 90 (3d Cir. 2018). An asylum officer and an Immigration Judge both found that De Leon lacked the "reasonable fear" required to reach the merits of his immigration claims. This threshold finding also meant he could not appeal to the Board of Immigration Appeals. *See* 8 C.F.R. § 1208.31(g)(1). As a result, he has petitioned for review by our Court.

We dismiss that petition. To begin, De Leon's appellate brief fails to challenge the finding that he could relocate to Guatemala without any reasonable fear. Although he fears gang activity in its capital, nothing is stopping him from returning safely to his hometown of Salcaja. This waiver dooms the petition at the outset.

Instead, De Leon puts the cart before the horse by focusing his energies on why he is entitled to asylum. But "aliens subject to reinstated removal orders," as De Leon is here, "are ineligible to apply for asylum." *Cazun v. Att'y Gen.*, 856 F.3d 249, 251 (3d Cir. 2017).

Thus we dismiss the petition for review.

2