**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2089
_____

EDGAR GARCIA RODRIGUEZ,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of an Order from The Department of
Homeland Security and the Executive Office for Immigration Review
(Agency No. A079-684-341)
Immigration Judge:  Alice S. Hartye
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 20, 2019
Before:  KRAUSE, MATEY and COWEN, Circuit Judges

(Opinion filed: November 21, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Edgar Garcia Rodriguez is a citizen of Mexico. He unlawfully entered the United States in 1998 and, in 2002, was ordered removed. Garcia Rodriguez unlawfully 're-entered' the United States, and was subsequently removed, several times. In 2018, Garcia Rodriguez was arrested in Ohio and convicted of driving under the influence. He later pleaded guilty in federal court to illegal reentry, under 8 U.S.C. § 1326(a), and was turned over to immigration authorities.

The original removal order from 2002 was reinstated under 8 U.S.C. § 1231(a)(5). After a reasonable fear interview, an asylum officer determined that Garcia Rodriguez was not eligible for relief from removal.[1] The matter was referred to an immigration judge ("IJ"), who refused to continue proceedings when Garcia Rodriguez asked for more time to have counsel appear at his side. The IJ ultimately concurred with the asylum officer's merits determination, finding Garcia Rodriguez credible but concluding that the harm he suffered and feared in Mexico—extortion, kidnapping and physical violence by members of a drug cartel called "New Generation"—was neither on account of a protected ground, nor connectable in some nefarious way to the Mexican government.

---

[1] While the Immigration and Nationality Act ("INA") prohibits an alien subject to a reinstated removal order from applying for relief from removal, treaty obligations create an exception that allows the alien to seek withholding of removal or protection under the Convention Against Torture ("CAT"). See Fernandez-Vargas v. Gonzales, 548 U.S. 30, 35 n.4 (2006); Cazun v. Att'y Gen., 856 F.3d 249, 254 (3d Cir. 2017).

Garcia Rodriguez then filed this petition for review. We exercise jurisdiction under 8 U.S.C. § 1252(a). See Bonilla v. Sessions, 891 F.3d 87, 90 n.4 (3d Cir. 2018); cf. Guerrero-Sanchez v. Warden York Cty. Prison, 905 F.3d 208, 217 (3d Cir. 2018).

Garcia Rodriguez raises in his opening brief various challenges to the proceedings before the asylum officer and the IJ. None of those challenges is persuasive.[2] We address the prominent ones below.

Garcia Rodriguez argues that the IJ failed to properly consider his eligibility for relief under the CAT. Specifically, Garcia Rodriguez claims that the IJ ignored evidence that police officers in Mexico are ineffective in responding to violence by the cartels and, worse, actually facilitate criminal acts, some of which amount to torture.

The testimonial evidence Garcia Rodriguez's refers to, however, was thin and speculative at best; it was insufficient to carry his burden of proof. See, e.g., A.R. 18 (Garcia Rodriguez: "[T]he government doesn't help me for anything. They've never helped me."); A.R. 16 (IJ: "And the police accepted the report [of your kidnapping]?"; Garcia Rodriguez: "Yes."); cf. 8 C.F.R. § 1208.16(c)(2) ("The burden of proof is on the

---

[2] Garcia Rodriguez failed to brief and thus waived claims challenging the agency determination that any harm (past or future) was not on account of a "protected ground" and thus did not constitute "persecution" under the INA. Such claims if raised would appear to be meritless, in any event. Cf. Abdille v. Ashcroft, 242 F.3d 477, 494 (3d Cir. 2001) (concluding that "the evidence put forth by Abdille"—that while working as a street vendor in South Africa he was attacked and robbed on multiple occasions, and that police were lackadaisical in their response—"is also consistent with acts of private violence that fall short of persecution on account of race, nationality, or membership in a particular social group").

applicant . . . to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."). And the documentary evidence he cites as determinative of his argument was presented for the first time in this Court (a point he concedes, see Br. at 18), and thus could not have been ignored by the agency.

Furthermore, because the documentary evidence was not presented below, it is not included in the administrative record. We cannot consider new, extra-record evidence when adjudicating a petition for review. See 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based").

Rodriguez also argues that the asylum officer used the wrong standard to evaluate the CAT claim. But Rodriguez offered insufficient evidence to satisfy his CAT burden, as already noted above. So even if the asylum officer misapplied the applicable standard—and there is no indication that that happened—it would not make a difference.[3]

Finally, Rodriguez argues that the IJ violated principles of due process when she denied his request to continue proceedings until counsel could appear on his behalf.[4] According to the IJ, the continuance request was denied because "this case needs to be

---

[3] Because our resolution of this claim would be the same whether we were employing the 'facial legitimacy' standard of review advocated by the Government, see Gov't Br. at 20-25, or instead a less-deferential standard, we need not and do not decide here which standard is appropriate.

[4] Immediately after the IJ ruled, Garcia Rodriguez asked for reconsideration, stating: "I need to speak to my lawyer. She couldn't come today. I have one already." A.R. 19.

done expeditiously," as "[i]t's a very limited type of proceeding." A.R. 8. There is nothing incorrect about the IJ's statements. See 8 C.F.R. § 1208.31 ("In the absence of exceptional circumstances, [] review shall be conducted by the immigration judge within 10 days of [the referral from the asylum officer]."); cf. Bartolome v. Sessions, 904 F.3d 803, 813 (9th Cir. 2018) ("Like reinstatement orders, reasonable fear review proceedings are intended to be expedited and efficient.").

And, at bottom, there was no due process violation. Rodriguez affirmatively chose to proceed before the asylum officer without counsel and without delay, was not entitled to counsel later on before the IJ, see Bonilla, 891 F.3d at 92, and cannot show prejudice from that lack of representation; counsel would not have been permitted to supplement the record, cf. 8 C.F.R. § 1208.31(g), and there is no indication that counsel would have presented successful claims of error, see Bonilla, 891 F.3d at 93.

\*　　\*　　\*

For the reasons outlined above, Garcia Rodriguez's petition for review will be denied.

5