**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3366
_____

LEWIS MEDRANO,
                                                 Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A074-777-109)
Immigration Judge: Denise Hochul

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 8, 2019
Before:  GREENAWAY, Jr., RESTREPO, and FUENTES, Circuit Judges

(Opinion filed: December 2, 2019)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Luis Medrano petitions for review of the Immigration Judge's determination, in a reasonable fear proceeding, that he was not entitled to relief from his reinstated removal order. For the reasons that follow, we will deny the petition for review.

Medrano, a native and citizen of the Dominican Republic, entered the United States without being admitted or paroled in 1987. In 1994, he was convicted in the United States District Court for the Western District of New York of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and sentenced to a term of imprisonment of 63 months. In 1997, Medrano was placed in removal proceedings pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (noncitizen present in United States without having been admitted or paroled); 8 U.S.C. § 1182(a)(2)(C)(i) (noncitizen known or believed to be controlled substance trafficker; and 8 U.S.C. § 1182(a)(2)(A)(i)(II) (noncitizen convicted of violating laws relating to controlled substances). On May 28, 1997, he appeared before an Immigration Judge in Oakdale, Louisiana, conceded removability, and was ordered removed. He waived his appeal to the Board of Immigration Appeals and was removed to the Dominican Republic on July 2, 1997.

Apparently in 2004, Medrano re-entered the United States, again without being admitted or paroled. On July 27, 2018, Department of Homeland Security officers detained Medrano and reinstated his May 28, 1997 removal order. Medrano advised Newark immigration authorities that he feared returning to the Dominican Republic. On September 10, 2018, he was interviewed by an asylum officer in Newark. He told the

2

asylum officer that he feared that he would be killed if he returns to the Dominican Republic because members of that country's military murdered his best friend in 1998. The friend was killed because he was having an affair with the wife of a high-ranking official. Medrano claimed that he encountered military officials at a police station in 1998, and they told him that they would kill him next because of his relationship with his friend. Medrano told the asylum officer that he lived in hiding for seven years in the Dominican Republic because of that threat.

The asylum officer concluded that Medrano did not have a reasonable fear that he will be persecuted or tortured if he returns to the Dominican Republic. Regarding the possibility of persecution, the asylum officer determined that there was no nexus between the harm Medrano feared and his race, religion, nationality, political opinion, or membership in a particular social group. Regarding the possibility of torture, the asylum officer noted that Medrano had never previously been subjected to torture and concluded that there was no reason to believe that anyone in the Dominican Republic would try to torture him now, twenty years after the incident that gave rise to the only threat Medrano ever received.

Medrano sought review of the asylum officer's reasonable fear determination before the Immigration Judge in Elizabeth, New Jersey. On September 26, 2018, Medrano, with counsel, appeared in Immigration Court. At that time, the Immigration Judge questioned Medrano about his claim. Based on Medrano's testimony, the IJ concurred with the asylum officer's determination that Medrano failed to show a

3

reasonable fear of persecution or torture. The IJ issued an order affirming the asylum officer's negative reasonable fear determination.

Medrano petitions for review of the September 26, 2018 reinstated order of removal. We have jurisdiction to review final orders of removal, including reinstatement orders and negative reasonable fear determinations. See 8 U.S.C. § 1252(a)(1); Bonilla v. Sessions, 891 F.3d 87, 90 n.4 (3d Cir. 2018).

We will deny the petition for review. As the subject of a reinstated removal order, Medrano may seek withholding of removal and protection under the Convention Against Torture. See generally 8 C.F.R. § 1208.31.[1] The first step of this process is an interview with an asylum officer. Id. at § 1208.31(b)-(c). If the officer finds that the noncitizen has a reasonable fear of persecution or torture, he refers the noncitizen to Immigration Court for a full hearing on the merits of the noncitizen's application for withholding of removal. Id. at § 1208.31(e).[2] If the officer finds that the noncitizen does not have a reasonable fear, as in Medrano's case, the noncitizen may request *de novo* review of that determination before an Immigration Judge. Id. at § 1208.31(g). If the Immigration Judge agrees with asylum officer's negative reasonable fear determination, the case is

---

[1] Contrary to Medrano's assertion in his opening brief, see Petitioner's Brief, at 2-4, 7-21, as the subject of a reinstated removal order, he is barred from applying for asylum. 8 U.S.C. § 1231(a)(5).

[2] Such withholding-only proceedings are then conducted pursuant to the provisions of 8 C.F.R. § 1208.16 and are subject to review by the Board of Immigration Appeals.

returned to DHS for removal of the noncitizen from the United States and no further appeal within the agency is permitted. Id. at § 1208.31(g)(1).

The Attorney General argues in his brief that we should apply a restrictive and deferential "facially legitimate and bona fide reason" standard of review to the IJ's negative reasonable fear determination. Appellee's Brief, at 19-30. We noted this unsettled issue regarding the proper standard of review in Bonilla, 891 F.3d at 91 n.6, but were not required to address it because the petitioner in that case argued only that his due process rights had been violated. Here, we also need not address whether a restrictive standard of review applies because Medrano's arguments fail even under the more generous "substantial evidence" standard.[3]

Administrative findings of fact are reviewed for substantial evidence. See Shardar v. Ashcroft, 382 F.3d 318, 323 (3d Cir. 2004). We treat the IJ's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also Immigration & Naturalization Serv. v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992). Accordingly, even assuming that this most generous standard applies, the record here provides ample support for the IJ's determination that Medrano failed to show a reasonable fear of persecution on account of a protected ground. Medrano acknowledged that he has not been threatened since that day in 1998. He also has never been threatened or harmed on account of his ethnicity,

---

[3] We also note that the Attorney General does not argue that jurisdiction over Medrano's reinstated order of removal is limited to constitutional claims and questions of law under

5

nationality, religion, political opinion, or membership in a particular group. In short, there is no link between the harm he fears and his ethnicity, nationality, religion, political opinion, or membership in a particular social group. Medrano did not claim that he was politically opposed to the military or that the military had imputed an anti-government sentiment to him; instead, his concerns arose from the death of his best friend due to his best friend's personal conduct. This falls outside the scope of the protections afforded by the withholding of removal remedy. "Conflicts of a personal nature and isolated criminal acts do not constitute persecution on account of a protected characteristic." Gonzalez-Posados v. Attorney General of U.S., 781 F.3d 677, 685 (3d Cir. 2015).

Similarly, there is no basis for disturbing the IJ's conclusion that Medrano failed to show that it is more likely than not, see 8 C.F.R. § 208.16(c)(2), that he will be tortured by the Dominican military upon his return to the Dominican Republic, even assuming that the IJ's specific conclusion is reviewable, see Kaplun v. Attorney General of U.S., 602 F.3d 260, 271 (3d Cir. 2010). The IJ applied the proper legal standards, see 8 C.F.R. § 208.18(a); Auguste v. Ridge, 395 F.3d 123, 151 (3d Cir. 2005), in reasonably concluding that it was unlikely that the military or anyone would single Medrano out for harm, given that twenty years after passed since the incident that gave rise to the only threat Medrano ever received occurred.

For the foregoing reasons, we will deny the petition for review.

---

8 U.S.C. § 1252(a)(2)(C)-(D).