**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
————————

No. 19-3009
————————

MARCO ANTONIO GARCIA MADRID,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
————————

On Petition for Review of Orders from
the Department of Homeland Security and
the Executive Office for Immigration Review
Agency No. A099-701-822
Immigration Judge: Carrie C. Johnson-Papillo
————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 28, 2020
————————

BEFORE:  AMBRO, HARDIMAN, and RESTREPO, *Circuit Judges*

(Filed:  October 9, 2020)

————————

OPINION*

————————

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RESTREPO, *Circuit Judge.*

Marco Antonio Garcia Madrid petitioned this Court to review the determination of the Immigration Judge (IJ) that he did not establish a reasonable fear of persecution or torture to warrant a full hearing on his claims for withholding of removal or Conventions Against Torture (CAT) protection.  For the reasons articulated below, we will deny his petition for review.

I.

Madrid, a citizen of Honduras, first illegally entered the United States on September 22, 2006.  Pursuant to an IJ's ruling, Madrid was removed on December 7, 2006.  He re-entered the United States in early 2007 and lived unnoticed by the authorities for over a decade.  Then, the Department of Homeland Security (DHS) reinstated his removal order on June 4, 2019.

On July 26, 2019, a DHS asylum officer interviewed Madrid, who recounted that he witnessed a friend shoot and kill a member of a criminal group in Honduras in May 2006.  That friend was subsequently murdered by a member of that group.  Madrid stated he has had no contact with the group since the 2006 incident, and the group never directly threatened him or members of his family.  He further acknowledged he had no reason to fear the Honduran authorities and his problem with the gang was personal in nature.  The asylum officer found Madrid credible, but held he did not establish a reasonable fear of persecution or torture.

The IJ reviewed the officer's determination in August 2019. Madrid told the IJ additional facts regarding his contact with the criminal group, stating that a gang member murdered his cousin for refusing to disclose his whereabouts. Madrid also related that men looked for him at his home in Honduras in 2013. After calling Madrid's name, the men murdered the three boys that were there. Madrid reported he then received an anonymous message over Facebook threatening his son. He stated that he immediately re-entered the United States after being deported in 2006 because he learned a police officer informed the criminal group of his return to Honduras.

The IJ affirmed the asylum officer's negative fear determination, finding that Madrid failed to establish the reasonable possibility that he would be persecuted on the basis of his membership in a particular social group or that he would be tortured if removed to Honduras. The IJ's order denying relief stated that Madrid's claim was one "of general violence. [He] did not articulate a particular social group and even arguendo there is no nexus between group and harm." App. 31. Madrid filed a timely petition in this Court on August 30, 2019, the same day he was removed from the United States.[1]

## II.

When a noncitizen whose prior removal order has been reinstated "expresses a fear of returning to the country designated in that order," he is first interviewed by an

---

[1] On appeal to this Court, Madrid argues that the IJ erred in denying his motion to reopen her affirmance of the asylum officer's negative fear determination. But Madrid did not seek review of the motion's denial in his petition to this Court, and the claim cannot be raised now, given that more than 30 days have passed since the August 1, 2019 final order of removal. 8 U.S.C. § 1252(b)(1). This Court therefore lacks jurisdiction to consider Madrid's claim regarding the motion.

asylum officer "to determine whether the alien has a reasonable fear of persecution or torture." 8 C.F.R. § 241.8(e). *See also* 8 C.F.R. § 1208.31(b). If the noncitizen demonstrates there is a "reasonable possibility" he would be tortured or persecuted due to his "race, religion, nationality, membership in a particular social group or political opinion" in the country of removal, the officer refers the noncitizen to Immigration Court for a full hearing where an IJ determines his eligibility for withholding of removal. *Id.* § 1208.31(c), (e). However, if the officer finds that the noncitizen does not have a reasonable fear, as in Madrid's case, the noncitizen may request review of that determination before an IJ. *Id.* § 1208.31(g). If the IJ agrees with the asylum officer's negative fear determination, the noncitizen's case is returned to DHS for removal without the opportunity for agency appeal. *Id.* § 1208.31(g)(1).

We have jurisdiction to review the IJ's reasonable fear determination under 8 U.S.C. § 1252(a)(1). *See Bonilla v. Sessions*, 891 F.3d 87, 90 n.4 (3d Cir. 2018) (an IJ's negative reasonable fear determination "constitutes a final order of removal"). In so doing, we apply the substantial evidence standard of review. *Romero v. Att'y Gen.*, 2020 WL 5014860, *3 (3d Cir. 2020). "Under this 'extraordinarily deferential standard,' we uphold the IJ's findings if they are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Romero*, 2020 WL 5014860, at *8 (quoting *Garcia v. Att'y Gen.*, 665 F.3d 496, 502 (3d Cir. 2011)). We treat the IJ's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

4

III.

The record here provides ample support for the IJ's determination that Madrid did not establish a reasonable fear of persecution on a protected ground. In his brief to this Court, Madrid proposes for the first time that his fear is premised on belonging to the group defined as "individuals who have been witnesses to a crime who give incriminating statements to the police against gangs." Appellant's Brief, 10. Madrid failed to show this particular social group exists in Honduras or that he was persecuted on account of his membership to this group. App. 33-57. Madrid acknowledged in his credible fear interview that the gang has never threatened him directly and his fear is due to his personal connection to a man who shot a gang member. A general fear of prevalent gang violence falls outside the scope of protection afforded by the withholding removal remedy. "Conflicts of a personal nature and isolated criminal acts do not constitute persecution on account of a protected characteristic." *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 685 (3d Cir. 2015).

The IJ's denial of Madrid's torture claim is also supported by substantial evidence. Madrid never alleged it was likely that he would be tortured "by or at the instigation of or with the consent or acquiescence of a public official who ha[d] custody or physical control" of him if he returned to Honduras. *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017) (quoting *Auguste v. Ridge*, 395 F.3d 123, 151 (3d Cir. 2005)). Instead, Madrid told the asylum officer that he had no reason to fear the authorities in Honduras. App. 71. He reported to the IJ that he believed a police officer told the criminal gang of his return

5

to Honduras after his 2006 deportation, but never indicated that he was harmed or threatened by police or any member of the Honduran government. Madrid instead stated that in 2006 he reported the shooting of his friend to the police and was told they would "open a total investigation." App. 72. Moreover, Madrid offered no objective evidence regarding the conditions in Honduras or that the government would instigate or consent to the alleged criminal group harming him, as is required to obtain relief under CAT. *Auguste*, 395 F.3d at 151. Given that Madrid admitted he did not fear the Honduran authorities, we uphold the IJ's finding that he failed to establish he is entitled to a full hearing for withholding of removal.

For the foregoing reasons, we will deny the petition for review.