**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2058
_____

JELANI ANTHONY BRISSETT,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A215-665-153)
Immigration Judge: Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 7, 2021
Before: MCKEE, SHWARTZ and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed February 10, 2021)
_____

OPINION[*]
_____

PER CURIAM

    Jelani Brissett, proceeding pro se, petitions for review of an order of the Board of

Immigration Appeals (BIA) dismissing his appeal from the decision of an immigration

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). For the reasons that follow, we will dismiss the petition for review in part and deny it in part.

In 2003, Brissett, a citizen of Jamaica, entered the United States as a visitor when he was approximately nine years old. In May 2019, the Government charged him with removability under 8 U.S.C. § 1227(a)(1)(B), as an alien who remained in the United States longer than permitted. Brissett, through counsel, admitted the allegations; conceded removability; and applied for asylum, withholding of removal, and CAT relief.

Following a hearing, the IJ denied relief, concluding, among other things, that the asylum application was untimely because it was not filed within a year of entry or within a reasonable time after Brissett's eighteenth birthday. Brissett, still represented by counsel, filed an appeal to the BIA but did not challenge the denial of his asylum application on timeliness grounds. The BIA concluded that Brissett had waived any challenge to the IJ's determination that his asylum application was untimely. The BIA affirmed the IJ's decision denying withholding of removal, agreeing that Brissett had failed to show a probability of future persecution on account of a protected ground. The BIA also agreed with the IJ that Brissett was not entitled to CAT relief because he had failed to put forth objective evidence establishing that it was more likely than not that he would be tortured upon his return to Jamaica. The BIA accordingly dismissed the appeal. Brissett filed a timely petition for review to this Court.

We have jurisdiction to review final orders of removal. See 8 U.S.C. § 1252(a)(1). However, to the extent that Brissett raises a challenge to the IJ's ruling that his asylum

2

application was untimely, we lack jurisdiction to review the determination because he does not raise a constitutional claim or a question of law.[1]  8 U.S.C. § 1158(a)(3); Jarbough v. Att'y Gen., 483 F.3d 184, 188-90 (3d Cir. 2007); Sukwanputra v. Gonzales, 434 F.3d 627, 633-35 (3d Cir. 2006).  Furthermore, we also lack jurisdiction to review this decision because Brissett failed to challenge the timeliness determination before the BIA.  See 8 U.S.C. 1252(d)(1) (providing that a court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right"); Lin v. Att'y Gen., 543 F.3d 114, 119-20 (3d Cir. 2008).[2]

To the extent that we have jurisdiction, "we review the BIA's disposition and look to the IJ's ruling only insofar as the BIA defers to it" because the BIA issued a separate opinion.  Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010) (citation omitted).  We review the agency's findings of fact for substantial evidence, considering whether the findings are "supported by reasonable, substantial, and probative evidence on the record

---

[1] Although Brissett also presents arguments about the underlying merits of his asylum application, we do not consider them because the application was rejected as untimely. See 8 U.S.C. § 1158(a)(3).

[2] We also do not have jurisdiction to review Brissett's claim that his due-process rights were violated when the agency concluded that he was not eligible for cancellation of removal or adjustment of status.  He did not request cancellation of removal or adjustment of status before the IJ or the BIA.  Thus, he did not exhaust this claim, which is essentially a claim of eligibility for relief.  See Khan v. Att'y Gen., 448 F.3d 226, 236 n.8 (3d Cir. 2006) (noting that when a claim, "stripped of its 'due process' label," was not raised before the BIA, this Court lacks jurisdiction over it) (citing Bonhometre v. Gonzalez, 414 F.3d 442, 448 (3d Cir. 2006)).  Similarly, Brissett appears to assert an ineffective-assistance-of-counsel claim based on his counsel's failure to pursue these and other claims before the agency, but this claim also is unexhausted because he failed to raise it before the BIA.  See Zheng v. Gonzalez, 422 F.3d 98, 107-8 (3d Cir. 2005).

considered as a whole." Balasubramanrim v. INS, 143 F.3d 157, 161 (3d Cir. 1998) (internal quotation marks and citation omitted). The decision must be affirmed "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (internal quotation marks and citation omitted).

To succeed on his withholding-of-removal claim, Brissett had to establish that his "life or freedom would be threatened" in Jamaica because of his race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1231(b)(3). Brissett claimed in the agency, and continues to claim on appeal, that his life would be threatened in Jamaica because of his status as a criminal deportee. The agency, relying on precedent from this Court, did not err in rejecting Brissett's claimed social group of "criminal deportees," or the broader group, deportees generally. See Toussaint v. Att'y Gen., 455 F.3d 409, 418 (3d Cir. 2006) ("[C]riminal deportees are not recognized as a social group.") (citations omitted); see also Bonilla v. Sessions, 891 F.3d 87, 92-93 (3d Cir. 2018) (rejecting claim that repatriated El Salvadorians could constitute a particular group); Khan v. Att'y Gen., 691 F.3d 488, 498 (3d Cir. 2012) (same for Pakistanis); S.E.R.L. v. Att'y Gen., 894 F.3d 535, 552 (3d Cir. 2018) (explaining that "particularity" standard requires the group to have "discrete and definable boundaries that are not amorphous, overbroad, diffuse, or subjective") (internal quotation marks, citation, and alteration omitted).[3]

---

[3] In his brief, Brissett asserts that he would be subject to harm upon arrival in Jamaica based on his family's past involvement with one of the country's political parties. Before

To succeed on his CAT claim, Brissett had to establish that he is "more likely than not" to be tortured "by or at the instigation of or with the consent or acquiescence of" a Jamaican public official.  8 C.F.R. § 1208.16(c)(2); § 1208.18(a)(1); Sevoian v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002).  Brissett's arguments primarily relate to random generalized violence in Jamaica that is untethered from his past experiences there; he does not provide any real indication that he, personally, would be tortured upon his return to Jamaica.  See Zubeda, 333 F.3d at 478 (explaining that "reports of generalized brutality within a country do not necessarily allow an alien to sustain his/her burden under the Convention Against Torture").

In sum, we will dismiss the petition for review to the extent that we lack jurisdiction over it, and we will otherwise deny it.

---

the agency, Brissett never argued that the political violence suffered by some of his family members would impact him, and he never asserted membership in a politically persecuted group.  Rather, he repeatedly asserted that he would suffer harm as a criminal deportee.  Accordingly, this claim also is unexhausted, and we do not consider it.  See Lin, 543 F.3d at 119-20.