**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3531
_____

BRUNO RIBEIRO DE ALMEIDA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an
Order of the United States Department of Justice
Executive Office for Immigration Review
(Agency No. A098-721-394)
Immigration Judge: Alice S. Hartye
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 23, 2021

Before: CHAGARES, HARDIMAN, and MATEY, *Circuit Judges*.

(Filed December 22, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Bruno Ribeiro[1] De Almeida reentered the United States after removal. Hoping to remain, he met with an asylum officer who found he had no reasonable grounds to fear return to Brazil, a determination affirmed by an Immigration Judge ("IJ"). Seeing no error in that determination, we will deny Ribeiro De Almeida's petition for review.

## I. BACKGROUND

Ribeiro De Almeida is a native and citizen of Brazil. After previously being removed from the United States, he illegally reentered in 2019. Soon detected, and hoping to avoid another removal, he met with an asylum officer. *See* 8 C.F.R. §§ 241.8(e), 208.31(c). There, he described his fears about returning to Brazil, citing his "anti-gang" opinions and support of his intersex stepson. He explained that his stepson was bullied in Brazil by another child whose father, Francis Da Silva, is a drug trafficker. Ribeiro De Almeida threatened to call the police about Da Silva's child, prompting Da Silva to threaten Ribeiro De Almeida and his family. Two gunshots were later fired at Ribeiro De Almeida's house, which Ribeiro De Almeida attributes to Da Silva.

The asylum officer concluded that Ribeiro De Almeida did not establish a reasonable fear of persecution because of a protected ground or a reasonable fear of torture. An IJ agreed and also found no reasonable possibility of future torture, because Ribeiro De Almeida did not show that the Brazilian government would tolerate attacks by Da Silva upon his return.

---

[1] We amend the caption to correct the petitioner's name, which was misspelled at the proceeding before the Immigration Judge.

2

Ribeiro De Almeida filed this petition for review,[2] arguing: 1) that his procedural due process rights were violated by the Government's failure to provide him a notice in Portuguese that his previous order of removal would be reinstated ("Reinstatement Notice"); and 2) the IJ's negative reasonable fear finding was not supported by substantial evidence in the record. Finding no error, we will deny the petition.

## II. DISCUSSION

### A. Procedural Due Process

We review a procedural due process claim de novo, where a petitioner must show: "(1) that he was prevented from reasonably presenting his case[,] and (2) that substantial prejudice resulted." *Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 213 (3d Cir. 2017) (quoting *Fadiga v. Att'y Gen.*, 488 F.3d 142, 155 (3d Cir. 2007)) (alteration in original).

Ribeiro De Almeida argues his procedural due process rights were violated because the Government sent his Reinstatement Notice in English, not Portuguese. But that produced no prejudice, because it did not have the potential to affect the outcome of his deportation proceedings. *Serrano-Alberto*, 859 F.3d at 213. Ribeiro De Almeida says that if the Reinstatement Notice had been in his native language, he would have moved to reopen his first order of removal. But nowhere does he explain whether that step would have been permitted, or likely to succeed. With no showing of prejudice, Ribeiro De Almeida's procedural due process claim fails.

---

[2] We have jurisdiction under 8 U.S.C. § 1252(a)(1). *See Romero v. Att'y Gen.*, 972 F.3d 334, 340 (3d Cir. 2020) (citing *Bonilla v. Sessions*, 891 F.3d 87, 90 n.4 (3d Cir. 2018)).

**B.      Negative Reasonable Fear Determination**

Ribeiro De Almeida also fails to show that he had a reasonable fear of persecution or torture.[3] We review an IJ's reasonable fear determination for substantial evidence, *Romero v. Att'y Gen.*, 972 F.3d 334, 340 (3d Cir. 2020), meaning that the IJ's findings must be "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quoting *Garcia v. Att'y Gen.*, 665 F.3d 496, 502 (3d Cir. 2011)). That is the case here.[4]

First, there is substantial evidence supporting the IJ's finding that Da Silva's threats were motivated by revenge, not Ribeiro De Almeida's membership in a particular social group. When asked by the IJ why Da Silva targeted him, he acknowledged that it was because "[he] ha[d] spoken to the police about [Da Silva]" and "because of [Da Silva's] son." (App. at 18.) And substantial evidence supports the IJ's finding of no reasonable possibility that Ribeiro De Almeida will face violence based on his political opinions. Indeed, Ribeiro De Almeida testified that he has never been politically active in Brazil.

---

[3] To prove a reasonable fear of persecution or torture, Ribeiro De Almeida had to show a "reasonable possibility that he [] would be persecuted on account of his [] race, religion, nationality, membership in a particular social group or political opinion, or a reasonable possibility that he [] would be tortured in the country of removal." 8 C.F.R. § 208.31(c).

[4] The IJ's decision was brief, but sufficient. *Cf.  Valarezo-Tirado v. Att'y Gen.*, 6 F.4th 542, 548–49 (3d Cir. 2021) (IJ's "failure to provide a citation or reference to anything in the record leaves us guessing at the evidence she relied upon"). The IJ's reference to the lack of evidentiary support in the record, (App. at 5), as further explained in her oral decision, (A.R. 15–16), provides the "basis for the IJ's decision." *Id.* at 459.

Likewise, substantial evidence supports the IJ's finding that there was no reasonable possibility that Ribeiro De Almeida will face torture. Ribeiro De Almeida argues that there is a reasonable probability that public officials will acquiesce to his torture because the police were slow to respond to his report, leading to gunshots. But "[t]o establish acquiescence, an applicant must demonstrate that, prior to the activity constituting torture, a public official was aware of it and thereafter breached the legal responsibility to intervene and prevent it." *Myrie v. Att'y Gen.*, 855 F.3d 509, 516 (3d Cir. 2017).

Ribeiro De Almeida testified that after he filed a police report, "the police started to do surveillance on [Da Silva's] home." (App. at 63.) Far from accepting torture, the record shows that the authorities acted, and Ribeiro De Almeida never followed up further. *Cf. Valdiviezo-Galdamez v. Att'y Gen.*, 502 F.3d 285, 293 (3d Cir. 2007) (remanding for determination of governmental "acquiescence" to torture where "the IJ failed to note that the police ignored five reports filed by [petitioner] concerning violence and threats by gang members"). For that reason, the IJ's decision is not erroneous.

### III. CONCLUSION

Ribeiro De Almeida fails to show a violation of his procedural due process rights, because there was no prejudice. And the IJ's negative reasonable fear determination is supported by substantial evidence. For these reasons, we will deny the petition for review.

5