**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALDEMAR ZUNIGA, *Petitioner*, v. WILLIAM P. BARR, Attorney General, *Respondent.* | No. 16-72982 Agency No. A089-247-110 ORDER AND AMENDED OPINION |

On Petition for Review of an Immigration Judge's Decision

Argued and Submitted May 17, 2019
Seattle, Washington

Filed August 20, 2019
Amended December 26, 2019

Before: Andrew J. Kleinfeld and Michelle T. Friedland, Circuit Judges, and William H. Pauley III,[*] District Judge.

Order;
Per Curiam Opinion

---

[*] The Honorable William H. Pauley III, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY**

### Immigration

The panel filed an amended opinion granting Baldemar Zuniga's petition for review of an immigration judge's decision affirming an asylum officer's negative reasonable fear determination in expedited removal proceedings, and remanded, holding that non-citizens subject to expedited removal under 8 U.S.C. § 1228 have a statutory right to counsel in reasonable fear proceedings before an immigration judge, and that the immigration judge deprived Zuniga of his right to counsel by failing to obtain a knowing and voluntary waiver of that right.

The panel rejected the government's argument that there is no statutory right to counsel in reasonable fear proceedings. The panel explained that expedited removal proceedings for non-citizens convicted of committing aggravated felonies are currently codified at 8 U.S.C. § 1228(b), and that reasonable fear proceedings are in turn a part of those expedited removal proceedings. The panel noted that although the legal provisions requiring the government to conduct reasonable fear proceedings as part of expedited removal proceedings are set forth in regulations, rather than § 1228 itself, those regulations were promulgated pursuant to the Attorney General's authority under § 1228. The panel further concluded that the statute clearly contemplates a right to counsel in expedited removal proceedings initiated under § 1228, including reasonable fear review proceedings, where § 1228(b)(4)(B) explicitly

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

provides that non-citizens have the privilege of being represented, at no expense to the government, by counsel, and nothing in the language of § 1228 indicates that the right to counsel is conditional or limited only to certain types of proceedings initiated under that statute, expedited or otherwise. The panel explained that subsections of § 1228 reinforce that right by requiring that proceedings for the removal of criminal non-citizens be conducted in conformity with § 1229a, which in turn provides a statutory right to counsel in ordinary removal proceedings, and by requiring the government to take reasonable efforts not to impair an individual's access and right to counsel in considering whether to detain non-citizens. The panel also observed that the broader legislative context outside of the specific provisions dealing with expedited removal proceedings for criminal non-citizens supports the conclusion that there is a right to counsel in reasonable fear proceedings.

The panel noted that its conclusion was not undermined by the fact that § 1228 was enacted before the reasonable fear regulations were promulgated, because when § 1228 was enacted, the United States was already a signatory to the Convention Against Torture, and one must presume that Congress intended for the expedited removal procedures prescribed in § 1228(b) to conform to the Convention's requirements. The panel further noted that Congress confirmed that intention shortly thereafter by commanding the appropriate agencies to prescribe regulations to implement the obligations of the United States under the Convention, which the Immigration and Naturalization Service did when it promulgated regulations making clear that reasonable fear proceedings for aggravated felons would be part of expedited removal proceedings governed by § 1228(b).

The panel also noted that its holding was not inconsistent with *Morales-Izquierdo v. Gonzales*, 486 F.3d 484 (9th Cir. 2007), because *Morales-Izquierdo* concerned the other category of non-citizens to whom the reasonable fear regulations apply, non-citizens subject to the reinstatement of a previous removal order, and held only that non-citizens have no statutory right to counsel at the initial stage of reinstatement proceedings, but did not address whether a statutory right to counsel attached during the subsequent reasonable fear review before an IJ.

The panel declined to give deference to a 1999 Executive Office of Immigration Review memorandum interpreting regulations at 8 C.F.R. § 208.31 as giving IJs discretion to decide whether a non-citizen may be represented by counsel. The panel noted that the government was correct that the regulations specify only that non-citizens may be represented by counsel in the initial reasonable fear interview before an asylum officer, and that they are silent as to representation by counsel in the review hearing before the IJ. However, the panel concluded that EOIR's interpretation conflicted with the plain text of § 1228.

The panel held that the IJ violated Zuniga's Fifth Amendment right to due process by failing to obtain a knowing and voluntary waiver of his right to counsel, and that Zuniga did not need to show prejudice where he was denied his statutory right. The panel therefore remanded for a new hearing in which Zuniga's right to counsel is honored.

## COUNSEL

Robert Pauw (argued), Gibbs Houston Pauw, Seattle, Washington, for Petitioner.

Nehal Kamani (argued), Kathryn M. McKinney, and Sara J. Bayram, Attorneys; Stephen J. Flynn and John W. Blakeley, Assistant Directors; Joseph H. Hunt, Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## ORDER

The opinion filed August 20, 2019, reported at 934 F.3d 1083, is hereby amended. The amended opinion is filed concurrently with this order.

With this amendment, the panel has unanimously voted to deny Respondent's petition for panel rehearing. The petition for panel rehearing is **DENIED.** Further petitions for rehearing or rehearing en banc may be filed.

## OPINION

PER CURIAM:

This case presents us with a simple question: do non-citizens subject to expedited removal under 8 U.S.C. § 1228 have a statutory right to counsel in reasonable fear proceedings before immigration judges? The answer, based on the plain language of § 1228, is yes.

Petitioner Baldemar Zuniga contends that in his hearing before an Immigration Judge ("IJ") to review a negative reasonable fear determination made by an asylum officer, the IJ denied him his right to counsel. Because we conclude that Zuniga had a statutory right to counsel, that the colloquy at the beginning of the hearing before the IJ was inadequate to waive that right, and that no showing of prejudice is required, we reverse and remand for further proceedings in which Zuniga is given the opportunity to proceed with counsel.

## I.

Baldemar Zuniga is a Mexican national who illegally entered the United States as a child. In 2012, he was convicted of participating in a conspiracy to manufacture and distribute drugs and launder money. Zuniga testified in open court against two of his co-conspirators, who were part of Mexico's notorious Knights Templar cartel.

While he was in prison, immigration authorities served Zuniga with a Notice of Intent to Issue a Final Administrative Removal Order. Because he had been convicted of a drug trafficking aggravated felony, Zuniga was placed in expedited removal proceedings pursuant to 8 U.S.C. § 1228(b). During an interview with Immigration and Customs Enforcement ("ICE"), he expressed a fear that, if removed to Mexico, he would face torture or persecution by the cartel as retribution for his testimony. He was then referred to an asylum officer for an interview to evaluate whether his fear was "reasonable."

At the beginning of the reasonable fear interview, the asylum officer explained that Zuniga had "the right to have [his] attorney present for the interview." Zuniga stated that he had an attorney helping with his reasonable fear case but

that he was willing to continue with the reasonable fear interview without his attorney.**[1]**  The asylum officer then proceeded with the interview questions and concluded that Zuniga had not established a reasonable fear of persecution or torture.

Zuniga requested review of the asylum officer's negative reasonable fear determination by an Immigration Judge. Zuniga's case was referred to the Immigration Court in San Francisco, California.  The notice of referral to the IJ included the following language: "You may be represented in this proceeding, at no expense to the government, by an attorney or other individual authorized and qualified to represent persons before an Immigration Court.  If you wish to be so represented, your attorney or representative should appear with you at this hearing."

Zuniga appeared at the hearing by video conference from a detention center in Mesa Verde, California.**[2]**  At the outset of the hearing, when announcing the case number and who was participating, the IJ stated that Zuniga did "not have a lawyer."  Shortly thereafter, the IJ engaged in the following colloquy with Zuniga:

---

**[1]** The asylum officer's notes from the interview spell the name of the attorney Zuniga mentioned as "Robert Pawl."  His current attorney, Robert Pauw, confirmed at oral argument before our court that he was also representing Zuniga at the time of Zuniga's reasonable fear interview, and that he was the same attorney Zuniga mentioned to the asylum officer.

**[2]** In a later declaration, Zuniga testified that the video setup "made it extremely difficult to understand everything that was happening" and that he had been under the impression that the hearing "was going to be a quick hearing where [he] was going to . . . ask for another extension."

> JUDGE: In these proceedings you have the right to counsel of your own choosing, but the government will not pay for your attorney. You should have received a copy of the free legal service list. Did you get that list?
>
> ZUNIGA: Yes.
>
> JUDGE: So, sir, do you have a lawyer?
>
> ZUNIGA: I do not.
>
> JUDGE: All right, sir, were you interviewed by an asylum officer regarding your fear of returning to Mexico?

The IJ then proceeded with the substance of the hearing. The IJ ultimately agreed with the asylum officer that Zuniga lacked "a reasonable fear of persecution on account of a ground protected by the law[s] of the United States."

Zuniga petitioned our court for review of that decision, arguing that his due process rights were violated by the use of the video conference in his reasonable fear review hearing before the IJ and by the IJ's failure to obtain a proper waiver of his right to an attorney in that proceeding. He also argued that the IJ erred in determining that he lacked a reasonable fear of persecution on a protected ground and in evaluating his fear of torture.

## II.

We review de novo due process challenges to reasonable fear proceedings. *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000).

# III.

## A.

In 1999, the Department of Justice created the reasonable fear interview to serve as a "screening process to evaluate torture claims for aliens subject to streamlined administrative removal processes for aggravated felons . . . and for aliens subject to reinstatement of a previous removal order." Regulations Concerning the Convention Against Torture, 64 Fed. Reg. 8478, 8485 (Feb. 19, 1999). These two groups of non-citizens are ineligible for asylum but may be entitled to withholding or deferral of removal under § 241(b)(3) of the Immigration and Nationality Act ("INA"), currently codified at 8 U.S.C. § 1231(b)(3), or under the Convention Against Torture.[3] Regulations Concerning the Convention Against Torture, 64 Fed. Reg. at 8485.

---

[3] The reasonable fear screening process was modeled on the credible fear screening process, which had previously been created to provide a limited avenue for relief for inadmissible arriving aliens who are subject to expedited removal under 8 U.S.C. § 1225. Such non-citizens can be removed without further review unless they express either a credible fear of persecution or torture in the country of removal or an intent to seek asylum. 8 U.S.C. § 1225(b)(1)(A)–(B); 8 C.F.R. §§ 208.30, 1208.30. Credible fear requires establishing a "significant possibility" that the non-citizen could be eligible for asylum if given an opportunity in a more fulsome proceeding. 8 U.S.C. § 1225(b)(1)(B)(v). The reasonable fear screening process was designed to fulfill a similar function for non-citizens being deported under 8 U.S.C. § 1228, but it requires them to meet a more demanding standard—they must demonstrate a "reasonable possibility" of persecution or torture in the country of removal. Regulations Concerning the Convention Against Torture, 64 Fed. Reg. at 8485 ("Because the standard for showing entitlement to the[] forms of protection [available to these non-citizen aggravated felons] (a probability of persecution or torture) is significantly higher than the standard for asylum (a well-founded fear of persecution), the screening

As a first step of the reasonable fear process, non-citizens who express a fear of returning to their country of removal to ICE are interviewed in a "non-adversarial manner" by an asylum officer to determine whether they have a reasonable fear of persecution or torture.  8 C.F.R. §§ 208.31(a), (c), 1208.31(a), (c).**[4]**  If the asylum officer determines that a non-citizen has a reasonable fear, he will be referred to an IJ for a merits hearing to determine eligibility for withholding of removal.  *Id.* § 208.31(e).  However, if the asylum officer determines that the non-citizen "does *not* have a reasonable fear of persecution or torture," he "will be afforded the opportunity for an expeditious review of the negative screening determination by an immigration judge." Regulations Concerning the Convention Against Torture, 64 Fed. Reg. at 8485 (emphasis added); *see also* 8 C.F.R. § 208.31(f)–(g).  If a non-citizen exercises his right to challenge a negative reasonable fear determination, the IJ reviews the asylum officer's determination de novo. 8 C.F.R. § 208.31(f)–(g); *Bartolome v. Sessions*, 904 F.3d 803, 809 (9th Cir. 2018).

If the IJ upholds the negative screening determination, it constitutes a final order of removal.  8 C.F.R. § 208.31(g)(1). Because the IJ's decision is the final agency action on the

---

standard adopted for initial consideration of withholding and deferral requests in these contexts is also higher."); *see also* 8 C.F.R. §§ 208.31, 1208.31.

**[4]** There are two identical sets of regulations contained in Chapters I and V of 8 C.F.R. that are applicable to the Department of Homeland Security and the Executive Office for Immigration Review, respectively. Aliens and Nationality; Homeland Security; Reorganization of Regulations, 68 Fed. Reg. 9824, 9825 (Feb. 28, 2003).  Because the text is the same in both sets of regulations, for the sake of simplicity we will refer only to one set throughout the remainder of this opinion.

reasonable fear question, such a final removal order is ripe for judicial review by a federal court of appeals. *Ayala v. Sessions*, 855 F.3d 1012, 1015–16 (9th Cir. 2017).

**B.**

Zuniga argues that he had a right to counsel in his reasonable fear review hearing before the IJ, that he did not waive that right because his colloquy with the IJ was insufficient to demonstrate that he made a knowing and voluntary waiver, and that this error requires automatic reversal. The Government does not contest that, if Zuniga had a right to counsel, there was no adequate waiver here.[5] Rather, the Government rests its defense to this petition primarily on the argument that there is no statutory right to counsel in reasonable fear proceedings. This argument clearly fails.

Expedited removal proceedings for non-citizens convicted of committing aggravated felonies are a creation of INA § 242A(b), later redesignated as INA § 238(b) and currently codified at 8 U.S.C. § 1228(b). Reasonable fear proceedings are in turn part of those expedited removal proceedings. Although the legal provisions requiring the government to conduct reasonable fear proceedings as part of expedited removal proceedings are set forth in regulations, not in § 1228 itself, those regulations were promulgated pursuant to the Attorney General's authority

---

[5] As explained below, we have previously held that if a non-citizen appears without counsel in a removal hearing, "there must be a knowing and voluntary waiver of the right to counsel" before the hearing can proceed. *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004). A valid waiver requires that the IJ "(1) inquire specifically as to whether petitioner wishes to continue without a lawyer; and (2) receive a knowing and voluntary affirmative response." *Id.* (citations omitted).

under § 1228. *See* 8 C.F.R. § 238.1(f)(3) (mandating that an immigration "officer shall, upon issuance of a Final Administrative Removal Order [pursuant to § 1228(b)], immediately refer the alien's case to an asylum officer to conduct a reasonable fear determination in accordance with [8 C.F.R.] § 208.31"); Regulations Concerning the Convention Against Torture, 64 Fed. Reg. at 8494 (citing § 1228 as the source of authority for 8 C.F.R. § 238.1).

Section 1228 explicitly provides that non-citizens "shall have the privilege of being represented (at no expense to the government) by [] counsel." 8 U.S.C. § 1228(b)(4)(B). Other subsections of § 1228 reinforce the right to counsel. The statute provides, for example, that the "proceedings [for removal of criminal non-citizens] shall be conducted in conformity with section 1229a," 8 U.S.C. § 1228(a)(1), which provides a statutory right to counsel in ordinary removal proceedings, 8 U.S.C. § 1229a(b)(4)(A).[6] Section 1228 also states that in deciding where to detain non-citizens under this section, "the Attorney General shall make reasonable efforts to ensure that the alien's access to counsel and right to counsel under [8 U.S.C.] section 1362," which likewise provides for the right to counsel in removal proceedings, "are not impaired." 8 U.S.C. § 1228(a)(2).

This language makes clear that the statute contemplates a right to counsel in removal proceedings initiated under 8 U.S.C. § 1228, which include reasonable fear review

---

[6] There is some overlap between 8 U.S.C. § 1228(a), which describes the general procedures for removing criminal non-citizens, and § 1228(b), the provision under which Zuniga was removed, which applies specifically to the removal of criminal non-citizens who are not permanent residents. Both emphasize the need to conform with the procedures described in 8 U.S.C. § 1229a, but § 1228(b) provides some specific procedures applicable only to non-citizens who are not permanent residents.

proceedings.**[7]** Nothing in the language of § 1228 indicates that the right to counsel is conditional or limited only to certain types of proceedings initiated under that statute, expedited or otherwise. *Cf. United States v. Reyes-Bonilla*, 671 F.3d 1036, 1045 (9th Cir. 2012) (noting, with citation to 8 U.S.C. § 1228, that the "right to counsel in expedited removal proceedings is . . . secured by statute").

The broader legislative context—outside of the specific provisions dealing with expedited removal proceedings for criminal non-citizens—also supports the conclusion that there is a right to counsel in reasonable fear proceedings. The INA gives non-citizens the right to be represented by an

---

**[7]** This conclusion is not undermined by the fact that § 1228 was enacted before the reasonable fear regulations were promulgated. When § 1228 was enacted, the United States was already a signatory to the Convention Against Torture. *See* Regulations Concerning the Convention Against Torture, 64 Fed. Reg. at 8478. We must therefore presume that Congress intended for the expedited removal procedures prescribed in § 1228(b) to conform to the Convention's requirements. *See Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1009 (9th Cir. 2005) (noting "[t]he presumption that Congress intends to legislate in a manner consistent with international law"). Congress confirmed this intention shortly thereafter by commanding "the appropriate agencies [to] prescribe regulations to implement the obligations of the United States under . . . [the] Convention Against Torture." Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105-277, § 2242(b), 112 Stat. 2681, 2681-822. The Immigration and Naturalization Service then promulgated the reasonable fear regulations to implement the Convention's requirements. *See* Regulations Concerning the Convention Against Torture, 64 Fed. Reg. at 8478. In doing so, the Service made clear that reasonable fear proceedings for aggravated felons would be part of expedited removal proceedings governed by § 1228(b). *See id.* at 8479 ("[T]he rule establishes a new screening process to rapidly identify and assess both claims for withholding of removal . . . and for protection under the Convention by . . . aliens subject to administrative removal for aggravated felons under section 238(b) of the Act.").

attorney in most immigration proceedings as long as the government does not have to bear the expense.  In particular, 8 U.S.C. § 1362 provides that "[i]n any removal proceedings before an immigration judge and in any appeal proceedings before the Attorney General from any such removal proceedings," non-citizens "shall have the privilege of being represented (at no expense to the Government)" by counsel of their choosing.  *See also* 8 U.S.C. § 1229a(b)(4)(A) ("[T]he alien shall have the privilege of being represented, at no expense to the Government, by counsel of the alien's choosing who is authorized to practice in such proceedings.").  Because the text of § 1228 is both "clear and consistent with the statutory scheme at issue, the plain language of the statute is conclusive" in providing a statutory right to counsel.  *Emmert Indus. Corp. v. Artisan Assocs., Inc.*, 497 F.3d 982, 987 (9th Cir. 2007) (quoting *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 732 (9th Cir. 2007)). [8]

---

[8] *Morales-Izquierdo v. Gonzales*, 486 F.3d 484 (9th Cir. 2007), is not to the contrary.  That case concerned the other category of non-citizens to whom the reasonable fear regulations apply—non-citizens subject to the reinstatement of a previous removal order.  *See id.* at 487; 8 C.F.R. § 208.31(a).  We held that such non-citizens have no statutory right to counsel at the initial stage of reinstatement proceedings, during which an immigration officer performs the "ministerial" task of determining whether the non-citizen's prior removal order should be reinstated.  *See Morales-Izquierdo*, 486 F.3d at 491, 497.  We did not address whether a statutory right to counsel attached during the subsequent reasonable fear review before an IJ.  *See id.* at 497 (expressly contrasting the reinstatement determination conducted by an immigration officer with "proceedings before an immigration judge," where "the INA extends the right to representation" in some instances); *see also Bonilla v. Sessions*, 891 F.3d 87, 92 (3d Cir. 2018) (holding that 8 C.F.R. § 208.31 did not "explicitly invest[]" a non-citizen with a right to counsel at the reasonable fear review before an IJ as a regulatory matter, but leaving open "the question . . . whether [the non-citizen] otherwise has such a right").

The Government resists this conclusion, arguing that the IJ has discretion to decide whether a non-citizen may be represented by counsel. The Government's argument is premised on a 1999 memo from the Executive Office for Immigration Review ("EOIR"). That memo interpreted 8 C.F.R. § 208.31 as giving an IJ the right to decide whether a non-citizen may be represented in the negative reasonable fear determination review hearing because the regulation did not explicitly mention the right to counsel in those proceedings. *See* Exec. Office for Immigration Review, Office of the Chief Immigration Judge, Operating Policies and Procedures Memorandum No. 99-5: Implementation of Article 3 of the UN Convention Against Torture 8 (1999) ("With regard to representation in reasonable fear review proceedings, the . . . regulations are . . . silent. . . . Since there is no specific regulatory guidance on this point, the issue is left to the discretion of the Immigration Judge.").

The Government is correct that the regulations specify only that non-citizens may be represented by counsel in the initial reasonable fear interview before an asylum officer, and that they are silent as to representation by counsel in the review hearing before the IJ. *Compare* 8 C.F.R. § 208.31(c), *with* 8 C.F.R. § 208.31(g). But its argument that we should defer to EOIR's interpretation of that silence fails because that interpretation conflicts with the plain text of 8 U.S.C. § 1228. We "need not accept an agency's interpretation of its own regulations if that interpretation is inconsistent with the statute under which the regulations were promulgated." *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 878 F.3d 725, 733 (9th Cir. 2017) (quotation marks omitted); *see also Auer v. Robbins*, 519 U.S. 452, 461 (1997) (holding that courts should generally defer to an agency's interpretation of its own regulation unless, among other circumstances, that interpretation is "plainly

erroneous" (quoting *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 359 (1989)).**[9]** We therefore conclude that Zuniga had a right to representation by an attorney in his reasonable fear review hearing before the IJ.

We have previously held that "[a]lthough there is no Sixth Amendment right to counsel in an immigration hearing, Congress has recognized [a right to counsel] among the rights stemming from the Fifth Amendment guarantee of due process" by codifying it. *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004); *see also Rios-Berrios v. I.N.S.*, 776 F.2d 859, 862 (9th Cir. 1985) ("[D]ue process mandates that [a non-citizen] is entitled to counsel of his own choice at his own expense under terms of the [INA]."). And, further, before a petitioner continues without counsel in an immigration proceeding for which there is a statutory right to counsel, due process mandates that "there must be a knowing and voluntary waiver of the right to counsel," which requires that the IJ "(1) inquire specifically as to whether petitioner wishes to continue without a lawyer; and (2) receive a knowing and voluntary affirmative response." *Tawadrus*, 364 F.3d at 1103 (citations omitted). As the Government concedes, Zuniga's colloquy with the IJ was

---

**[9]** Nor is the agency's interpretation persuasive enough to otherwise command respect. *See Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944) (explaining that "[t]he weight of" an agency interpretation "will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control"). In addition to being contrary to the statute, the EOIR memo's interpretation could lead to absurd results. For example, a non-citizen who had been informed by his hearing notice that he could bring an attorney to represent him might arrive at the hearing only to learn that counsel was barred from the hearing at the discretion of the IJ.

inadequate to effect a valid waiver of the right to counsel under *Tawadrus*.

The Government contends that a remand is nevertheless unavailable to Zuniga because he cannot show prejudice from the lack of counsel. This contention is foreclosed by *Montes-Lopez v. Holder*, 694 F.3d 1085 (9th Cir. 2012), in which we held that "an alien who shows that he has been denied the statutory right to be represented by counsel in an immigration proceeding need not also show that he was prejudiced by the absence of the attorney." *Id.* at 1093–94.**[10]**

## IV.

For the reasons described above, we conclude that the IJ violated Zuniga's right to counsel in his reasonable fear review proceeding by failing to obtain a valid waiver, and that Zuniga is entitled to a new hearing before an IJ in which his right to counsel is honored. Given this conclusion, we need not reach Zuniga's other challenges to the proceedings before the IJ or to the IJ's reasoning.

---

**[10]** *Gomez-Velazco v. Sessions*, 879 F.3d 989 (9th Cir. 2018), is not to the contrary. There, we held that we could not presume prejudice where a non-citizen, Gomez-Velazco, was denied counsel during one "discrete stage" of expedited removal proceedings—his initial interaction with officers from the Department of Homeland Security. *Id.* at 994–95. In *Gomez-Velazco*, we distinguished *Montes-Lopez* on the ground that, after the discrete phase in which he lacked counsel, Gomez-Velazco was able to consult with counsel before his removal order was actually executed. *Id.* at 993–94. The same was not true here. Zuniga was denied his right to counsel at the final stage of the reasonable fear proceeding—and thus, unlike the situation in *Gomez-Velazco*, Zuniga's attorney had no later opportunity to "remedy any damage done by [his] client's un-counseled admissions or waivers." *Id.* at 994.

The Petition for Review is **GRANTED** and we **REMAND** for further proceedings consistent with this opinion.